UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KAREEM J. HOWELL,<br><br>                              Plaintiff,<br><br>         v.<br><br>S. VILLARREAL, et al.,<br><br>                              Defendants. | Case No. 1:19-cv-01178-NONE-EPG (PC)<br><br>ORDER DENYING PLAINTIFF'S REQUEST FOR DEFAULT JUDGMENT<br><br>(ECF No. 26) |

    Kareem J. Howell ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* with this civil rights action filed pursuant to 42 U.S.C. § 1983.

    On August 21, 2020, Plaintiff filed a request for the Court Clerk to enter default judgment against Defendants. (ECF No. 26). Plaintiff correctly notes that Defendants had until August 11, 2020, to file their responsive pleading, that Defendants failed to meet this deadline, and that the Court then gave Defendants until August 17, 2020, to file their responsive pleading. However, Plaintiff is incorrect that Defendants failed to meet their August 17, 2020 deadline, and that Defendants' default has been entered. While Plaintiff likely did not receive the answer on August 17, 2020, Defendants filed and served their answer on August 17, 2020. (ECF Nos. 23 & 24).

    Defendants did fail to file their answer by the August 11, 2020 deadline, and Defendants' counsel is warned that failure to comply with court deadlines may result in the imposition of sanctions. However, given that Defendants filed their answer after being directed to do so by the Court on August 14, 2020, that Plaintiff filed his request for default judgment after Defendants

1

filed their answer, and that Defendants filed their answer only six dates after their August 11, 2020 deadline, the Court will not enter their default.  See James v. Mehta, No. 2:10-CV-1171, 2013 WL 1326066, at *1 (E.D. Cal. Mar. 29, 2013), report and recommendation adopted, No. 2:10-CV-1171, 2013 WL 2359654 (E.D. Cal. May 29, 2013) ("The court should not formally enter default against a defendant when it is clear that the court would set aside that same default upon motion by the defendant") (citing 10A Fed. Prac. & Proc. Civ. § 2682 (3d ed.)); see also 10A Fed. Prac. & Proc. Civ. § 2682 (4th ed.) ("if defendant appears and indicates a desire to contest the action, the court can exercise its discretion and refuse to enter a default") (citing Wendt v. Pratt, 154 F.R.D. 229, 230 (D. Minn. 1994)).

    As the Court is not entering Defendants' default, the Court will deny Plaintiff's request for default judgment.  (See Fed. R. Civ. P. 55).

    Accordingly, IT IS ORDERED that Plaintiff's request for entry of default judgment is DENIED.

IT IS SO ORDERED.

Dated:   **August 24, 2020**          /s/ Erica P. Grosjean
                                                           UNITED STATES MAGISTRATE JUDGE