UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KAREEM J. HOWELL, | Case No. 1:19-cv-01178-NONE-EPG (PC) |
| Plaintiff, | |
| v. | ORDER DENYING PLAINTIFF'S MOTION FOR PROTECTIVE ORDER |
| S. VILLARREAL, | (ECF No. 46) |
| Defendant. | |

Kareem J. Howell ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* with this civil rights action filed pursuant to 42 U.S.C. § 1983.

On August 9, 2021, Plaintiff filed what the Court construes as a motion for a protective order. (ECF No. 46). Plaintiff seeks to have his deposition conducted confidentially. Plaintiff also asks the Court to "personally speak with the deputy attorney general Andrea Sloan and ask that she to be very mindful in assuring that Plaintiff [sic] deposition is taken in a place where he's not threaten & or has concerns of retaliation." (ECF No. 46, p. 4).

In response to Plaintiff's motion, Defendant argues that Plaintiff's deposition is not confidential. (ECF No. 48, p. 4). However, "CDCR staff will not be present in the room during Plaintiff's deposition, and the door will be closed. CDCR staff will, however, maintain visual monitoring throughout the deposition. The deposition is being conducted remotely and there are no specific safety concerns since neither Defendant's counsel, nor the court reporter will be

1

located in the room with Plaintiff.  Staff will only briefly be in the room before the deposition starts to assist in setting everything up and making sure it all works properly.  Staff may enter the room at other times during the deposition to assist with any technical difficulties." (ECF No. 48, p. 4) (citations omitted).

Issuance of a protective order is governed by Federal Rule of Civil Procedure 26(c), which provides, in relevant part:

> (1) In General. A party or any person from whom discovery is sought may move for a protective order in the court where the action is pending…. The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense….

Fed. R. Civ. P. 26(c)(1).  District courts have broad discretion to determine whether a protective order is appropriate and, if so, what degree of protection is warranted.  Seattle Times Co. v. Rhinehart, 467 U.S. 20, 36 (1984); Phillips ex rel. Estates of Byrd v. Gen. Motors Corp., 307 F.3d 1206, 1211-12 (9th Cir. 2002).

The Court will deny Plaintiff's motion because a court order is not necessary to protect Plaintiff from annoyance, embarrassment, oppression, or undue burden or expense.  In asking that his deposition be conducted confidentially,[1] Plaintiff appears to be asking that CDCR staff not be allowed to listen to the deposition and that the only monitoring be visual monitoring.  As defense counsel has stated that CDCR staff will not be present during the deposition, that the door should be closed, and that the monitoring will be visual, it appears that the procedure in place already addresses Plaintiff's concerns and there is no need for the Court to issue a protective order.

The Court notes that if any issues arise during the deposition, the parties may call the Court at (559) 499-5960.  If the Court is available, it will attempt to address the parties' issue(s).

\\\

\\\

\\\

---

[1] To the extent Plaintiff is arguing that he is entitled to attorney-client privilege, he is incorrect.  Attorney-client privilege is defined as "[t]he client's right to refuse to disclose and to prevent any other person from disclosing confidential communications between the client and the attorney."  Privilege, Black's Law Dictionary (11th ed. 2019).  Here, Plaintiff is not defense counsel's client and he is thus not entitled to attorney-client privilege.

Based on the foregoing, IT IS ORDERED that Plaintiff's motion for a protective order is DENIED.

IT IS SO ORDERED.

Dated: **August 18, 2021**          /s/ Erica P. Grosjean
                                    UNITED STATES MAGISTRATE JUDGE