UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

KAREEM J. HOWELL,

Plaintiff,

v.

S. VILLARREAL,

Defendant.

Case No. 1:19-cv-01178-NONE-EPG (PC)

FINDINGS AND RECOMMENDATIONS RECOMMENDING THAT DEFENDANT'S MOTION TO DISMISS UNDER 28 U.S.C. § 1915(e)(2)(A) BE GRANTED IN PART

(ECF No. 54)

OBJECTIONS, IF ANY, DUE WITHIN FOURTEEN DAYS

## I. INTRODUCTION

Kareem J. Howell ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* with this civil rights action filed pursuant to 42 U.S.C. § 1983. This case is proceeding on Plaintiff's claims against defendant Villarreal for retaliation in violation of the First Amendment and for violation of his First Amendment right to freedom of speech/expression. (ECF Nos. 13, 18, & 35). Plaintiff alleges that defendant Villareal refused to return Plaintiff's hand-written manuscript in retaliation for Plaintiff filing lawsuits against correctional staff.

On September 17, 2021, Defendant filed a motion to dismiss under 28 U.S.C. § 1915(e)(2)(A) or, alternatively, to revoke Plaintiff's *in forma pauperis* status. (ECF No. 54). "This motion is based on Plaintiff's untrue allegation of poverty in his application to proceed *in forma pauperis* (IFP). Because Plaintiff lied on his application and intentionally hid hundreds

of thousands of dollars in income from the California Department of Corrections and Rehabilitation and the Court, this case should be dismissed. Alternatively, Defendant requests that Plaintiff's IFP status be revoked and he be required to pay the filing fee before this matter proceeds." (Id. at 1).[1] On September 30, 2021, Plaintiff filed his opposition. (ECF No. 60). On October 6, 2021, Defendant filed her reply. (ECF No. 61). On October 14, 2021, Plaintiff filed an unauthorized surreply. (ECF No. 62). On October 20, 2021, Defendant filed an objection to Plaintiff's surreply. (ECF No. 63).[2]

Defendant's motion to dismiss under 28 U.S.C. § 1915(e)(2)(A) or, alternatively, to revoke Plaintiff's *in forma pauperis* status is now before the Court.

As the Court finds that Plaintiff intentionally withheld information from the Court in his application to proceed *in forma pauperis*, and that the information that was withheld shows that Plaintiff's allegation of poverty was untrue, the Court will recommend that Defendant's motion be granted in part and that this case be dismissed, without prejudice.

## II. PLAINTIFF'S APPLICATION TO PROCEED IN FORMA PAUPERIS

In Plaintiff's application to proceed *in forma pauperis*, which was filed on August 28, 2019, Plaintiff stated that he is not employed. (ECF No, 2, p. 1). He also stated that, in the last twelve months, he did not receive any money from a business, a profession, or other self-employment; rent payments, interest or dividends; pensions, annuities or life insurance programs; disability or workers compensation payments; gifts or inheritances; or any other sources. (Id.). Finally, when asked about his assets, Plaintiff stated that he does not have cash; real estate, stocks, bonds, securities, other financial instruments, automobiles, or other valuable property; or any other assets. (Id. at 2). Plaintiff's statements were made under penalty of perjury. (Id. at 1-2).

Based on these representations, as well as a review of Plaintiff's Trust Fund Account Statement, the Court granted Plaintiff's application. (ECF No. 7).

---

[1] Page numbers refer to the ECF page numbers stamped at the top of the page.

[2] As consideration of Plaintiff's unauthorized surreply does not change the result, the Court will overrule Defendant's objection as moot.

**III. MOTION TO DISMISS UNDER 28 U.S.C. § 1915(e)(2)(A)**

a. Defendant's Motion

On September 17, 2021, Defendant filed a motion to dismiss under 28 U.S.C. § 1915(e)(2)(A) or, alternatively, revoke Plaintiff's IFP status. (ECF No. 54). "This motion is based on Plaintiff's untrue allegation of poverty in his application to proceed *in forma pauperis* (IFP). Because Plaintiff lied on his application and intentionally hid hundreds of thousands of dollars in income from the California Department of Corrections and Rehabilitation and the Court, this case should be dismissed. Alternatively, Defendant requests that Plaintiff's IFP status be revoked and he be required to pay the filing fee before this matter proceeds." (Id. at 1).

"In his IFP application, Plaintiff declared that he had not received any money from any source in the past twelve months, has no cash in any accounts, and no other assets. However, in his recent deposition, Plaintiff testified under oath that he has $200,000-$300,000 in outside bank accounts, which he has had since at least 2013, due to the sale of his books written while in prison." (ECF No. 54-1, p. 1). "Furthermore, Plaintiff specifically testified that he purposely hides this money from CDCR because of 'rules and regulations.'" (Id. at 3) (citations omitted).

The following exchange occurred during Plaintiff's deposition:

Q. So in the books that you've been writing, how much have you made, because if you are the one that's requesting compensatory damages, I'm trying to figure out how much you're making on your books.

A. I'm gonna estimate the cost about of my net worth to about 200, 300,000.

Q. So your net worth is 200 to 300,000?

A. Yeah, just by writing books alone.

Q. And where do you keep that money?

A. Like I say, I'm a third party.

Q. But you said this is your money, right?

A. It is my money, but CDCR have rules and regulations that you cannot profit from writing books for creation and stuff, and you have to get a third party. So me having somebody work for me is legal.

Q. Okay. Okay. I'm just trying to understand. You have 2 to $300,000 held in

an account for you, correct?
A. Probably more.
Q. Okay. And where is that account held?
A. I want to plead the Fifth.

Transcript of Plaintiff's Deposition Dated August 26, 2021 ("Transcript"), 69:13-70:9).

"Plaintiff is a highly experienced litigant who concealed substantial income when applying to proceed IFP in this matter. His failure to disclose such a significant sum of income and specific testimony that he purposely hides these funds, coupled with his extensive litigation experience, demonstrates purposeful bad faith. Therefore, the Court should dismiss this action pursuant to 28 U.S.C. § 1915(e)(2)." (ECF No. 54-1, p. 4). The dismissal should be with prejudice because it is the only sanction that will deter Plaintiff. (Id. at 7).

In the alternative, Defendant argues that the Court should revoke Plaintiff's IFP status and require that he pay the filing fee before proceeding because he "has hundreds of thousands of dollars at his disposal." (Id. at 8).

As evidence, Defendant attaches excerpts from the transcript of Plaintiff's deposition, as well as a copy of the PACER print out from defense counsel's search under the name "Kareem Howell."

b. Plaintiff's Opposition

Plaintiff filed his opposition on September 30, 2021. (ECF No. 60).

Plaintiff argues that Defendant has not brought forth sufficient evidence to show that Plaintiff has an outside bank account that maintains a balance of $200,000 to $300,000. (Id. at 1). Plaintiff states that, when he filed this case, he was in fact an indigent inmate. (Id. at 2). At his deposition, Plaintiff made clear that "the people working for him are the ones who receive checks. They do what they want to do. As long as they look out for Plaintiff." (Id. at 3). Plaintiff also stated at his deposition that, while he writes the books, he is a "Third Party to get royalty checks." (Id. at 4).

Plaintiff states that he never testified that he has $200,000 to $300,000 "in outside (bank) accounts…." (Id. at 5). Instead, "Plaintiff speaks about being a third party to getting a

royalty check that he believes that his people made a lot of money." (Id.).

When asked if he had $200,000 to $300,00 held in account for him, Plaintiff responded "probably more." (Id. at 6). However, he never confirmed that "the account is a 'bank' account that he has access to funds, or even knows how much currency is held in an account." (Id.).

Plaintiff denies that he committed fraud on the Court. (Id.).

Plaintiff also argues that Defendant's motion should be denied because Defendant incorrectly captioned her motion as being brought before the Sacramento Division. (Id. at 1).

Plaintiff includes a declaration. In his declaration, he states that he is indigent, and was indigent in the twelve to fourteen months prior to filing this action. (Id. at 42). Plaintiff wrote 7 to 8 books between 2006 to 2013, and he sent them back home to his family members. (Id.). Plaintiff's family sells the books for money. (Id. at 42-43). Plaintiff has not received any direct payments or any direct checks. (Id. at 43). Plaintiff has a verbal agreement with his family members that he will write books and send them to his family. (Id.). His family can sell the books and use the money. (Id.). So long as they continue to order Plaintiff food, stationary, and hygiene packages, he will continue to write the books for them. (Id.). Plaintiff was told by a family member that he has a savings account for Plaintiff and will present an undisclosed amount of money to Plaintiff upon Plaintiff's release from prison. (Id.). Plaintiff has not confirmed the legitimacy of his family member's statement. (Id.). Plaintiff has not been sent or shown any savings account receipts or legal documents. (Id.).

In addition to his declaration, Plaintiff includes a complete copy of the deposition transcript.

## IV. LEGAL STANDARDS

"Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that … the allegation of poverty is untrue." 28 U.S.C § 1915(e)(2)(A). However, "[t]o dismiss [a] complaint pursuant to § 1915(e)(2), a showing of bad faith is required, not merely inaccuracy." Escobedo v. Applebees, 787 F.3d 1226, 1235 n. 8 (9th Cir. 2015).

"Courts have not been totally uniform in their application of § 1915(e)(2)(A), but a close reading of the cases applying the statute reveals consistent considerations guiding the courts' analyses…. Consistent with [Escobedo], other courts have concluded that, where the allegation of poverty is untrue but there is no showing of bad faith, the court should impose a lesser sanction than outright dismissal with prejudice, for example, revoking IFP and provid[ing] a window for the plaintiff to pay the filing fee…." Witkin v. Lee, 2020 WL 2512383, at *3 (E.D. Cal. May 15, 2020), report and recommendation adopted, 2020 WL 4350094 (E.D. Cal. July 29, 2020), appeal dismissed, 2020 WL 8212954 (9th Cir. Dec. 9, 2020).

"Courts that have declined to dismiss an action under § 1915(e)(2)(A) have generally based their decisions on the actual poverty of the plaintiff, despite a technical inaccuracy in the IFP application, and the absence of a showing of bad faith." Id. (collecting cases). "On the flip side, courts routinely dismiss with prejudice cases upon finding that the plaintiff has intentionally withheld information that may have disqualified plaintiff from obtaining IFP status or has otherwise manipulated his finances to make it appear that a plaintiff is poorer than he actually is; i.e., where the facts show that the inaccuracy on the IFP application resulted from the plaintiff's bad faith." Id. See also Steshenko v. Gayrard, 2015 WL 1503651, at *5 (N.D. Cal. Apr. 1, 2015) ("Where the applicant has knowingly provided inaccurate information on his or her IFP application, the dismissal may be with prejudice.") (citing Thomas v. Gen. Motors Acceptance Corp., 288 F.3d 305, 306 (7th Cir. 2002); Attwood v. Singletary, 105 F.3d 610, 612-13 (11th Cir. 1997); Romesburg v. Trickey, 908 F.2d 258, 260 (8th Cir. 1990); Thompson v. Carlson, 705 F.2d 868, 869 (6th Cir. 1983)), aff'd sub nom. Steshenko v. Albee, 691 F. App'x 869 (9th Cir. 2017).

In determining whether a plaintiff acted in bad faith, a court may consider whether the plaintiff is an experienced litigator. See, e.g., Vann v. Comm'r of N.Y. City Dep't of Correction, 496 F. App'x 113, 115 (2d Cir. 2012) ("To determine whether a plaintiff has acted in bad faith a court may consider a plaintiff's familiarity with the *in forma pauperis* system and history of litigation."); Roberts v. Beard, 2019 WL 3532183, at *4 (S.D. Cal. Aug. 2, 2019)

(relying, in part, on the fact that the plaintiff was an experienced litigant to dismiss the case pursuant to § 1915(e)(2)).

**V. ANALYSIS**

The Court finds that Plaintiff, an experienced litigant, intentionally withheld information from the Court in his application to proceed *in forma pauperis*, and that the information that was withheld shows that Plaintiff's allegation of poverty was untrue.

According to Plaintiff, he transferred valuable assets to his family (books) (ECF No. 60, p. 42), his family sold the assets (id. at 42-43), and his family is holding approximately $200,000 to $300,000 of the sales for Plaintiff (Transcript, 69:17-24 ("Q. So your net worth is 200 to 300,000? A. Yeah, just by writing books alone. Q. And where do you keep that money? A. Like I say, I'm a third party. Q. But you said this is your money, right? A. It is my money....); Transcript, 84:13-16 ("Q. Well I'm -- you said earlier that you have an account with 2 to $300,000 in it that's being held for you from your books. A. Yes."); Transcript, 70:5-7 ("Q. You have 2 to $300,000 held in an account for you, correct?" A. "Probably more.")).[3]

The fact that Plaintiff's family sold the books Plaintiff wrote and is holding proceeds for Plaintiff instead of Plaintiff holding the proceeds directly is of no consequence here. Plaintiff admits that, even though he considers himself a "third party," it is his money. Transcript, 69:21-24 ("Q. But you said this is your money, right? A. It is my money...."); Transcript, 84:13-16 ("Q. Well I'm -- you said earlier that you have an account with 2 to $300,000 in it that's being held for you from your books. A. Yes."). Additionally, at his deposition and in his surreply Plaintiff states that his net worth is between $200,000 to $300,000. Transcript, 69:13-20 ("A. I'm gonna estimate the cost about of my net worth to about 200, 300,000."); ECF No. 62, p. 4 (stating that Plaintiff believes his net worth is between "$200,000 to $300,000" from "sales of his books.").

---

[3] Plaintiff alleges that he wrote the books from 2006 to 2013. (ECF No. 60, p. 42). The book he made the most money off of, "No Mercy," was written in 2013. Transcript, 85:6-18. Thus, it appears that Plaintiff had most, if not all, of the money prior to filing this action.

Despite believing that his net worth was between $200,000 to $300,000, when asked about his assets, Plaintiff stated that he does not have cash; real estate, stocks, bonds, securities, other financial instruments, automobiles, or other valuable property; or any other assets. (ECF No. 2, p. 2).

Plaintiff would not be entitled to *in forma pauperis* status with a net worth of $200,000 to $300,000 because he could afford to pay the filing fee or could give security. 28 U.S.C. § 1915(a)(1) ("[A]ny court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such prisoner possesses that the person is unable to pay such fees or give security therefor.").

Plaintiff's arguments are unavailing. Plaintiff argues that Defendant has not brought forth sufficient evidence to show that Plaintiff has an outside bank account that maintains a balance of $200,000 to $300,000. However, where the money is held is not relevant. It is also irrelevant that Defendant mislabeled the caption of their motion. What matters is that Plaintiff has access to very substantial assets contrary to what he represented in his application.

Plaintiff also argues that events dating back to 2006 and 2013 are not relevant. This may be true. However, Plaintiff's net worth at the time he filed his application is relevant, even if the money was made, or the assets were procured, years earlier. As cited above, Plaintiff has stated that he has a right to these funds today, and it appears that he had a right to the funds at the time he filed his application to proceed *in forma pauperis* as well.

Finally, Plaintiff argues that he was not required to disclose what he believed his net worth to be, and that he cannot be required to disclose the amount of money in an account he "only heard about." But Plaintiff's statements at deposition show that this is not just an account he heard about—Plaintiff has funds being held by a third party that he considers his own assets and net worth. However, on his application to proceed *in forma pauperis*, despite being asked to disclose all of his assets, he listed assets totaling zero.

And, at the time of filing his application, Plaintiff was an experienced litigant. Before filing this case, he filed numerous other cases in which he proceeded *in forma pauperis*. See, e.g., Howell v. Burns, E.D. Cal., Case No. 1:18-cv-00311 (Plaintiff granted in *forma pauperis* status; case settled); Howell v. Selliers, E.D. Cal., Case No. 1:18-cv-00420 (Plaintiff granted in *forma pauperis* status; case settled); Howell v. Babb, E.D. Cal., Case No. 1:18-cv-00467 (Plaintiff granted in *forma pauperis* status; case settled); Howell v. Alejo, E.D. Cal., 1:18-cv-00825 (Plaintiff granted in *forma pauperis* status; case settled); Howell v. Flores, E.D. Cal., 1:18-cv-00879 (Plaintiff granted in *forma pauperis* status; case settled); Howell v. Randolph, E.D. Cal., 1:18-cv-01685 (Plaintiff granted in *forma pauperis* status; case settled); Howell v. McConnell, E.D. Cal., 1:18-cv-01686 (Plaintiff granted in *forma pauperis* status; case settled).

As discussed above, "courts routinely dismiss with prejudice cases upon finding that the plaintiff has intentionally withheld information that may have disqualified plaintiff from obtaining IFP status…." Witkin, 2020 WL 2512383, at *3. Given that Plaintiff, an experienced litigant, intentionally withheld information from the Court in his application to proceed *in forma pauperis*, and that the information that was withheld shows that Plaintiff's allegation of poverty was untrue, the Court could recommend dismissal with prejudice. 28 U.S.C § 1915(e)(2)(A) ("Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court *shall dismiss the case* at any time if the court determines that … the allegation of poverty is untrue.") (emphasis added).

However, while Plaintiff intentionally withheld his net worth from the Court, given that it was Plaintiff who admitted that his net worth was between $200,000 to $300,000, and that he does not currently appear to be hiding his net worth from the Court (Plaintiff repeatedly admitted to having this net worth), the Court will exercise its discretion to recommend dismissal without prejudice. The Court believes this is a satisfactory sanction here because Plaintiff will have to bring a new action and file a new application to proceed *in forma pauperis* (or pay the filing fee) based on his true assets at the time of that filing.

\\\

\\\

## VI. CONCLUSION AND RECOMMENDATIONS

Based on the foregoing, IT IS RECOMMENDED that:

1. Defendants' motion to dismiss under 28 U.S.C. § 1915(e)(2)(A) (ECF No. 54) be GRANTED in part;
2. This action be dismissed without prejudice; and
3. The Clerk of Court be directed to close this case.

These findings and recommendations are submitted to the United States district judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within fourteen (14) days after being served with these findings and recommendations, any party may file written objections with the court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be served and filed within fourteen (14) days after service of the objections.

The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **December 13, 2021**

/s/ Erica P. Grosjean
UNITED STATES MAGISTRATE JUDGE